UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

---

UNITED STATES OF AMERICA
    Plaintiff

v.

Case No. 7:16-cr-01375

EPIFANIO ACOSTA
    Defendant

---

DEPARTURE MOTION FOR SUBSTANTIAL HARDSHIP
PURSUANT TO § 3142(C)
UNITED STATES V. SMITH PURSUANT TO
28 U.S.C. § 994(D) AND 18 U.S.C. § 3742(a)(2)

---

Comes now, Epifanio Acosta, pro-se, a deportable alien, respectfully moves this Court for a downward departure for substantial hardship where this Court neglected to interpret statutory provisions of 21 U.S.C. § 841(a)(1) as well as the United States Sentencing Guideline offense conduct § 2D1.1 base offense level in violation of the United States Constitution Amendments Five, Six and Eight.

Epifanio Acosta
Reg. No. 17452-479
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963-1000

## PLEADINGS OF PRO-SE LITIGANTS

Because this defendant Epifanio Acosta is pleading under pro-se litigant status, it is respectfully requested of the Court, amongst other requests, that this pleading be given a liberal review, one less stringent than the reviews reserved for Attorneys' at Law. Supreme Court Precendent, Haines v. Kerner, 404 U.S. 519, 520 (1972) Holding: However inartfully pleaded this motion is filed, it shall be held to a lesser stringent standard of review pursuant to pro-se litigants standard of review.

BACKGROUND HISTORY

Epifanio Acosta, the defendant herein, at 10:53am on December 1, 2016, before the Honorable Macaela Alvarez, United States District Judge for the Southern District of Texas, McAllen Division, United States District Court Case No. M-16-cr-1375 [part 2] Re-Arraignment Hearing, see Doc. 59, filed June 11, 2018, Page 1-36

Exhibit (1) T.T. lines 2-21

The Court:

> Now moving on to you, Mr. Acosta. Count one of your indictment charges that from on or about June 29, 2016 to on or about August 18, 2016, in the Southern District of Texas and within the jurisdiction of the Court, that you did knowingly and intentionally conspire and agree with other persons known and unknown to the Grand Jurors to possess with intent to distribute a controlled substance. The controlled substance involved was five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine a schedule II controlled substance. In violation of Title 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A).

"The Court orally explains:"

> So your charge, Mr. Acosta, is a conspiracy charge. A conspiracy is an agreement to do something illegal. And the law makes entering into that kind of agreement itself a crime.

Exhibit (1) Re-arraignment Hearing before the Honorable Micaela Alvarez, United States District Judge, December 1, 2016, that which the Court recorded on record, the Grand Jury accused defendant with conspiring to possess with intent to distribute from on or about June 29, 2016 to on or about August 18, 2016, 5kg or more of a

3

mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; in violation of Title 21 U.S.C. § 846; 841(a) 1 and 841(b)(1)(A).

Count ones' allegation that defendant Acosta agreed to possess with intent to distribute 5kg or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

## STATEMENT OF THE FACTS

On September 27, 2016, a two-count indictment was filed in the Southern District of Texas, McAllen Division, On December 1, 2016, Defendant Epifanio Acosta appeared with defense counsel a Mr. Charles Cecil Starcher "Starcher Law Firm", 102 N. Staples, Corpus Christi, Texas 78401. For the United States, Ms. Toni Trevino and Ms. Lynn Wang, U.S. Attorneys' Office 1701 W. Business Highway 83 Suite 600 McAllen, Texas 78501. Also present U.S. Probation Officer Cynthia Reyes.

The sentencing made court record that on December 1, 2016, "orally reading" Defendant his re-dacted indictment, <u>count one</u> that which he did enter a plea of guilty to the Grand Jury's single charged conspiracy, count two was dismissed.

## STANDARD OF REVIEW

I.

Supreme Courts' views as to the Rule of Lenity in construction of criminal statutes, <u>62 L. ed 2d 827</u>

As a cannon of statutory construction, the Rule of Lenity has been applied by the Supreme Court in two distinct types of situations. In what is perhaps the more common of the two, a federal criminal statute prohibits certain conduct and the question to be resolved is whether the defendant's actions fall within the substantive ambit of the statutes prohibition. If the legislative intent is unclear, doubt will be resolved in favor of the defendant. In this context, the Rule of Lenity may be no more than a restatement of the ancient maximum that criminal statutes are to be strictly construed. A rule that [Chief Justice John Marshall], long ago remarked is

"perhaps not much less old than construction itself". See United States v. Wiltberger (1820)(18 U.S. 76, 5 L.ed 37)

However, as the Court has frequently emphasized, the touchstone of the Rule of Lenity is statutory ambiguity, as with other statutes, the Court will attempt to determine the Congressional intent first from the words used and from the appropriate legislative materials. See, United States v. Baker, 883 F. 2d 13 (5th Cir. 1989) Held: One purpose of the Sentencing Commission is to avoid unwarranted sentencing disparities among those guilty of similar crimes, 28 U.S.C. § 991(b)(1)(B).

A sentencing for a mixture or substance containing a detectable amount of methamphetamine is accorded the total weight of the substance containing a detectable amount of the controlled substance, "methamphetamine" in this case.

The construction given to a statute by those charged with its' administration is entitled to great deference. See Molina-Martinez, 578 U.S. 189 (2016), "The U.S. Guideline central role in sentencing means that any error related to the guidelines can be particularly serious".

The authority and legal definition defendant relies upon is Chapman v. United States, 500 U.S. 453 (1991) mixture or substance within the meaning of U.S.S.G. § 2D1.1(C) detecting any amount of a controlled substance charged in an indictment.

The Supreme Court Held:

> The LSD blotter paper met this analysis, though it diffused the LSD and thus decreased the drugs' purity, the paper was part of the total weight of what was marketed. The Supreme Court further noted that the LSD Blotter paper material met that dictionary definition

6

of the term "Mixture".

Hence, the Court held that this was a mixture within the meaning of U.S.S.G. § 2D1.1 and thus the weight of the paper was included in the quantity Calculation, United States v. Palacios-Molina, 7 F. 3d 49 (5th Cir. 1993), The Court Held:

> The Starting point for analyzing this issue is U.S.S.G. § 2D1.1(C) Drug Quantity Table (November 1992) That section of the Sentencing Guidelines states that the weight of the controlled substance....refers to the entire weight of any [Mixture or Substance].

In this instance, Acosta, with only a sixth grade education, who truely did not understand english, and clearly did not understand the court proceeding that which clearly was an ill advised legal direction of counsel to accept the terms of the plea agreement, the PSI and the Courts' sentencing procedures without objection, upon which he received a sentence based on the Sentencing Court's adoption of the Probation Officer's pre-sentence investigations; as well as calculations for the aggragate penalty sentence for methamphetamine (actual) approximately 9 kilograms and 5 kilograms or more of cocaine, a Schedule II controlled substance.

' The Court's sentence calculations starting point was ambigious. The advisory guidelines starting point that the Sentencing Court used for a combined quantity of cocaine and methamphetamine was based on a finding other than what the Grand Jury charged, count ones' conspiracy and count twos' possession with intent to distribute was based on a quantity finding for a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and methamphetamine, a Schedule II controlled substance. The indictment at no time charged Acosta with a

7

conspiracy to possess with intent to distribute methamphetamine (actual), a Schedule II controlled substance. See United States v. Baker, 883 F.2d 13 (1989)(5th Cir.) Held:

> "The purpose of the Sentencing Commission is to avoid unwarranted disparities among those guilty of similar crimes", 28 U.S.C. § 994(b)(1)(B).

Acosta was sentenced agreeing to possess with intent to distribute methamphetamine (Actual). This was fatal, "Acosta was not charged by a Federal Grand Jury possessing with intent to distribute methamphetamine".

II.

The Court used the 2016 Sentencing Guidelines, adopting the Probation Officer's pre-sentence investigation report and drug calculations. The base offense level 38 was the Court's starting point.

The Court did not base defendant Acosta's base offense level on the mixture or substance containing a detectable amount of a controlled substance which the United States Sentencing Commission guidelines pursuant to the Drug Quality Table § 2D1.1(C) instructs Sentencing Courts to do.

This Court sentenced defendant Acosta for a conviction determined by the PSI for a type and quantity of an illicit controlled substance for other than the precise element of a mixture or substance containing a detectable amount of a controlled substance, cocaine and methamphetamine; that which the Grand Jury charged him.

In this case, the Court calculated Acosta's accountability for 8.85kg of gross weight cocaine and 9.83 kg net weight of methamphetamine (Actual), and thus converted pursuant to U.S.S.G. § 2D1.1 cm n.8B, the quantity of each controlled substance in this

case cocaine and methamphetamine (Actual) to its' equivalent quantity of marijuana. With respect to the cocaine weight, U.S.S.G. § 2D1.1(D) the estimated gross weight of 8.85kg of cocaine converted into 1,770 kilograms of marijuana <8.85kilograms><8,850 grams> x 200 grams marijuana equivalent = 1,770,000 grams divided by 1000 grams equals 1,770 kilograms of marijuana.

With respect to the methamphetamine (Actual) under U.S.S.G. § 2D1.1(D) the Drug Equivalent Table is equivalent to 20kg of marijuana. Upon the executed conversion of the 9.83 kilograms net weight of methamphetamine (Actual) the marijuana equivalent is 196,600 kilograms net weight. The Government's alleged applicable calculation became: <9.83kg> 9,830 grams x 20,000 grams 20kg's marijuana equivalent equals 196,600.00 grams divided by 1000 grams equals 196,600 kilograms.

Thus, the combined weight of the marijuana equivalent for the methamphetamine and cocaine included the relevant conduct results in 198,281.5 kilograms. This allowed for a sentence using an ambigious controlled substance calculation. A base offense level 38, pursuant to U.S.S.G. § 2D1.1(C), an offense involving 90,000kg's or more of marijuana, is assigned a base level of 38.

The Sentencing Court assigned to the quantity and type of controlled substance alleged involved a drug equivalency of 198,281.5kg of marijuana, equaling a base offense level of 38.

The 8.85 kilograms of cocaine itself soley estimated 1,770 kilograms of marijuana. The estimated base offense level is 30 under U.S.S.G. § 2D1.1(C)(5). The starting point 30 was and is the true base offense level of the mixture or substance containing a detectable amount of a controlled substance, cocaine, a Schedule II controlled substance.

9

## CONCLUSION

Defendant prays the Court's review of Substantial Hardship in totality covering his Due Process Notice And Nature of the proceeding and unwarranted sentencing exposure that consisted of several violations of Constitutional Magnitude allow him the reduction due in the interest of the Court.

Dated: February 24, 2023                Respectfully Submitted

*Epifanio Acosta*
Epifanio Acosta
Reg. No. 17452-479