UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | CRIMINAL ACTION NO. 7:16-cr-1375 |
| | § § | |
| EPIFANIO ACOSTA | § | |

# **ORDER**

The Court now considers Defendant's "Motion for Sentencing Reduction Pursuant to: 18 USCS § 3582 (c) (2)"[1] and duplicate letter motions requesting appointment of counsel.[2]

Pursuant to 18 U.S.C. § 3582(c)(2),

> [t]he court may not modify a term of imprisonment once it has been imposed except that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has now determined that Amendment 821, applicable to U.S.S.G. §4C1.1 is to be applied retroactively. The two-level adjustment discussed in U.S.S.G §4C1.1 applies to certain zero-point offenders. Here, pursuant to the Presentence Investigation Report, Defendant had a total criminal history score of 2 at the time of sentencing.[3] Therefore, U.S.S.G. §4C1.1 does not apply. Even with the U.S.S.G. § 4A1.1 change, the criminal history

---

[1] Dkt. No. 99.
[2] Dkt. Nos. 100-101.
[3] Dkt. No. 26 at 15, ¶ 50.

score would not change as Defendant did not receive any status points.[4] Therefore, U.S.S.G. § 4A1.1 does not apply, and the motion is hereby **DENIED**. Likewise, the motions requesting appointment of counsel are **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 24th of June, 2024.

_____
Micaela Alvarez
Senior United States District Judge

---

[4] *Id.*